### JOSEPH A. BRODERICK, SUPERINTENDENT
vs.
### EDWARD T. EASTWICK, ET AL.

Superior Court          Fairfield County          File. #42805

Present: Hon. JOHN RICHARDS BOOTH, Judge.

Frank Rich,                      Attorney for the Plaintiff.

E. K. Nicholson;
Thomas H. Cox;
Louis A. Kornblut;
Finklestone & Finklestone;
Keogh & Candee;
Wilson & Mara;
Tammany & Connery;
Abraham Reback;
Edward H. Nussenfeld;
Paul L. Miller;
David Goldstein;

Walter M. Anderson;
Pullman Comley;             Attorneys for the Defendants.

## MEMORANDUM FILED AUGUST 17, 1935.

BOOTH (JOHN RICHARDS), J. The defendants, Charles Levin and Louis Levin, Charles G. Morris and William H. Rusch have filed answers setting forth special defenses to which the plaintiff has demurred.

The Levin answer alleges in substance that the defendants purchased this bank stock relying on false statements as to the financial condition of the bank published by its officers and agents. From whom, or when, this stock was purchased does not appear, nor that the defendants took any steps towards a rescission.

The weight of authority undoubtedly is to the effect that such a defense is not available against the plaintiff. While we have no similar statute in Connecticut, yet the cases touching upon this point indicate that such a rule would be followed.

The same rule applies to the counter-claim, and the demurrer is sustained.

The answers of Morris and Rusch are substantially the same, to the effect. that just before the bank was closed by the plaintiff the defendants sold their stock and were no longer owners of it. The Rusch answer also alleges the unconstitutionality of the New York statute.

As to this latter question the constitutionality of acts similar to these is too well settled to require further discussion.

Apparently these defendants made no effort to have these transfers entered upon the books of the bank. In such case the rule is also settled that stockholders of record are liable to such an assessment even though they may have sold their stock, if such transfer has not been made upon the books of the bank.

Davis vs. Essex Baptist Society, 44 Conn., 583.

These demurrers are also sustained.